# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 20-1373V
(not to be published)

---

CHARITY FRIMPONG,

                    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                    Respondent.

---

Chief Special Master Corcoran

Filed: **June 15, 2022**

Special Processing Unit (SPU);
Attorney's Fees and Costs

*Kwaku D. Ofori, Ofori Law Firm, LLC, Silver Springs, MD, for Petitioner.*

*Kimberly Shubert Davey, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 13, 2020, Charity Frimpong filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). She filed amended petitions on April 29, 2021, and February 18, 2022, to correct simple errors related to the name of her vaccine injury and date of vaccination.[3]

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] In the second portion of the original petition, Ms. Frimpong's injury is listed as GBS - an abbreviation for Guillain-Barré syndrome, instead of SIRVA (which stands for "shoulder injury related to vaccine administration"). *Compare* Petition, ECF No. 1 *with* First Amended Petition, ECF No. 34. The second amended petition was filed to correct the vaccine date from October 15, 2017, to November 7, 2017. However, in this latest version, Ms. Frimpong's injury is again listed as GBS in the second portion of the

ECF Nos. 34, 50. Petitioner alleges that she suffered a SIRVA injury caused-in-fact by the influenza vaccine she received on November 6, 2017. First Amended Petition at 1, ¶¶ 2, 20. On March 8, 2022, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. ECF No. 53.

On March 23, 2022, Petitioner filed a Stipulation for Fees Motion for Attorney's Fees and Costs, requesting a total award of $25,075.00 in attorney's fees. ECF No. 58. Respondent reacted to Petitioner's Stipulation on March 24, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded at the Court's discretion. ECF No. 59. Because Respondent had not agreed to the exact amount of the total award, Petitioner was instructed to refile her stipulation, using the proper CM/ECF event for a motion for attorney fees and costs. *See Informal Remark*, dated March 25, 2022. That same day Petitioner filed her Second MOTION for Attorney Fees *for Petitioner's Counsel Re-filed.* ECF No. 60.

On March 28, 2022, a scheduling order was issued requesting information that was not included in Petitioner's Motion for Attorney Fees - supporting documentation for Petitioner's request for costs, Petitioner's General Order No. 9, and an affidavit in support of the hourly rate requested by counsel. ECF No. 61. The next day, Petitioner responded with counsel's affidavit and Petitioner's General Order No. 9, stating Petitioner did not incur any personal expenses. ECF Nos. 62-63.

On May 11, 2022, Respondent's counsel requested that I conduct a recorded telephonic status conference with both counsel and Ms. Frimpong to respond to recent inquiries regarding the payment of attorney's fees and costs (and the propriety of counsel obtaining payments directly from the Petitioner but without my authorization). *See Informal Remark,* dated May 11, 2022. It appears Ms. Frimpong also contacted the Clerk's office regarding her concerns. A call was scheduled for May 23, 2022, and Petitioner's counsel was provided information regarding how payment for attorney's fees and costs in the Vaccine Program is addressed.

On May 18, 2022, Petitioner filed her cost receipts, along with an amended motion, requesting an increased amount of attorney fees and costs totaling $30,730.62. Third Motion for Attorney's Fees and Costs ("Third Motion"), ECF No. 65. In the motion, Petitioner again mistakenly indicated that Respondent "does not oppose this motion for

---

petition. *Compare* First Amended Petition, ECF No. 34 *with* Second Amended Petition, ECF No. 50. It is clear from the record that Ms. Frimpong was alleging a SIRVA injury.

attorney's fees and costs."[4] *Id.* at 5. However, she also clarified her correct understanding "[t]hat attorney's fees and costs are paid by the Vaccine Program and not by Petitioner [directly]." *Id.* at 4.

On May 23, 2022, I held a telephonic status conference with both counsel and Ms. Frimpong,[5] to ensure that all understood the Vaccine Act's directives regarding attorney's fees and costs. *See* Section 15(e). When compensation is awarded in a case, the Act instructs the special master or court to determine what would be a reasonable attorney's fees and costs award, and thereafter order the sum (if appropriate) to be paid. Section 15(e)(1). No attorney may charge any fee for services *in addition to* the amount awarded by the special master, nor may counsel separately collect fees from a petitioner that the special master has not authorized. Section 15(e)(3).

During the call, Respondent's counsel confirmed that Respondent had agreed only to the fact that an award of attorney's fees and costs was appropriate in this case, and objected to some of the specific costs requested. ECF No. 66. In a written response filed after the call, Respondent stated that "although [P]etitioner has represented in her Amended Motion that respondent 'does not oppose this motion for attorney's [sic] fees and costs,' [R]espondent emphasizes that he has made no such agreement." *Id.* Respondent noted his objection to Petitioner's request for pillows and a recliner chair as they are not considered "litigation expenses" and therefore should not be reimbursed. *Id.* Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees and costs to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee

---

[4] It appears that Petitioner's counsel is misconstruing Respondent's indication that he is satisfied that the statutory requirements for an award of attorney's fees and costs have been met as an agreement that the amounts being sought are appropriate.

[5] As requested by Respondent's counsel, the call was recorded using the Court's EDR system.

requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

A. <u>Hourly Rates</u>

Petitioner requests that I endorse the rate of $400 per hour for all time billed on the matter by attorney Kwaku D. Ofori from 2020 - 2022. ECF No. 65-5. A reduction of the requested hourly rate is warranted.

Mr. Ofori has been an attorney since 2004, placing him in the range of attorneys with 11 – 19 years' experience for his time billed, based on the OSM Attorney Fees Rate Schedule.[6] ECF No. 62. The requested rates are all within the Vaccine Program's published range for attorneys at his level of overall experience. However, Mr. Ofori does not have demonstrated Vaccine Act experience, with this matter being his first case in the Program. It is therefore improper for Mr. Ofori to receive rates established for comparably experienced counsel who *also* have lengthy experience in the Program. *See McCulloch v. Health and Hum. Services*, No. 09–0293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec.

---

[6] These rates are derived from application of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

I instead find it reasonable to reduce the requested hourly rates to the following: $340 per hour for 2020; $365 per hour for 2021; and $380 per hour for time billed in 2022. As a result, the amount of fees to be awarded in this case is reduced by **$3,130.00**.[7]

## B.  Paralegal Tasks at Attorney's Rates

Because some of the tasks performed are those more appropriately performed by a paralegal, a further reduction is required. Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Hum. Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Hum. Servs.*, 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Hum. Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

In this case, the billing records show that a portion[8] of the time spent on September 7 and October 13, 2020, as well as all time billed on December 10, 2020, were for tasks generally performed by a paralegal such as assembling, organizing, and uploading medical records, exhibit lists, the PAR questionnaire, and statement of completion. The hourly rate for the time allowed for these tasks will be reduced to the paralegal rate of $140.00. ECF No. 65-5 at 1. As a result, the amount of fees to be awarded in this case is further reduced by **$1,800.00**.[9]

---

[7] This amount consists of: ($400 - $340 = $60 x 29.50 hrs. = $1,770) + ($400 - $365 = $35 x 32 hrs. = $1,120) + ($400 - $380 = $20 x 12 hrs. = $240) = $3,130.00. Although Petitioner billed 12.5 hours for work performed in 2022. He inexplicably charged only $200 for one hour. ECF No. 65-5 at 2. To make the math more straightforward, this entry is deemed to be a charge of $400 for .5 hours of time.

[8] In future requests for attorney's fees and costs, Petitioner's counsel should avoid combining different tasks, especially those involving different types of work, into one billing entry. For the September 7 and October 13, 2020 billing entries, I am allocating one-half of this time to the described paralegal tasks.

[9] This amount consists of: $340 - $140 = $200 x 9 hrs. = $1,800. The nine hours is comprised of 2 hours billed on September 7; 4 hours billed on October 13; and the full 3 hours billed on December 10.

### C.  For Program Research

Generally, time an attorney spends researching and generally familiarizing himself with the rules and procedures of the Vaccine Program is not reimbursable. "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Hum. Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Hum. Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007).

In this case (and despite the above), I will allow the two hours[10] billed on September 7, 2020, and allocated for research - "Familiarizing self with Rules of the Vaccine Program." ECF No. 65-5 at 1. This exception is being made *only* because this case is the first vaccine case for Petitioner's counsel, and because the sum at issue is modest. I will not in the future allow reimbursement for time spent researching the rules and procedures of the Vaccine Program in any *subsequent* vaccine case.

### D.  Excessive and Duplicative Billing

A review of the billing records submitted in this case reveals excessive billing for numerous entries. Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing.  *See Ericzon v. Sec'y of Health & Hum. Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Hum. Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly.  *See Sabella*, 86 Fed. Cl. at 209.

In this case, Petitioner billed one hour each for time spent drafting and filing a less than one page status report, notice, or election on May 28, June 10, June 18, and October

---

[10] One-half of the total four hours was allocated for the paralegal tasks included in this billing entry. ECF No. 65-5 at 1.

25 in 2021; and March 8 and 22 in 2022.[11] ECF No. 65-5 at 2. Additionally, 1.5 hours was billed for a slightly more complicated status report drafted and filed on October 4 and 6, 2021. *Id.* At most, the tasks should have taken half that time. I will therefore reduce the amounts billed for these tasks by 50 percent, resulting in a reduction of **$1,383.75**.[12]

Additionally, Petitioner billed a total of 22.5 hours during 2021 for work performed drafting Petitioner's settlement demand, reviewing supporting medical records and photographs, and emailing with Respondent's counsel. But the medical records in this case were not voluminous, and Petitioner's counsel is being reimbursed for 13.5 hours expended performing an initial review of the medical records and photographs and drafting the petition. I find the 22.5 additional hours to prepare a demand letter and converse with Respondent's counsel to be excessive. However, since I am not privy to the exact nature of these discussions, I will reduce the hours expended by a more conservative 30 percent, resulting in a further reduction of **$2,463.75**.[13]

Petitioner also billed a total of six hours for time spent correcting mistakes made by Petitioner's counsel in the petition and motion for attorney's fees and costs and drafting and filing an unnecessary status report on March 21, 2022.[14] ECF No. 65-5 at 2-3. I will not reimburse Petitioner for this work, resulting in a reduction of **$2,250.00**.[15]

### ATTORNEY COSTS

Petitioner requests $1,330.62 in overall costs. ECF No. 65-5 at 3. This amount is comprised of the costs obtaining medical records, pillows, and a recliner listed as prescribed by Petitioner's physician. *Id.* But reimbursement for items that are not considered reasonable litigation expenses are not reimbursable in Petitioner's request for Attorney costs. Rather, reasonable costs include things like the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health &*

---

[11] There is one other such entry on March 23, 2022. ECF No. 65-5 at 2. However, Petitioner's counsel inexplicably charged only $200 per hour for this time. Thus, Petitioner has, in effect, already reduced this entry to .5 hours.

[12] This amount consists of: ($365 x 2 hrs. = $730) + ($380 x 1 hrs. = $380) + ($365 x .75 hrs. = $273.75) = $1,383.75

[13] This amount consists of: $365 x 6.75hrs. = $2,463.75.

[14] These billing entries are for 2 hours of work performed on April 29, 2021; 1 hour of work performed on February 18, 2022; 1.5 hours of work performed on March 25, 2022; and .5 hours of work performed on March 29, 2022. ECF No. 65-5 at 2-3.

[15] This amount consists of: ($365 x 2 hrs. = $730) + ($380 x 4 hrs. = $1,520) = $2,250.00.

*Hum. Servs.*, No.10-0243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013).

Costs requested by Petitioner for the "special pillows and "recliner/chair" are not litigation costs, but instead appear to be related to her injury directly – meaning they should have been requested as damages in this case. They will not be reimbursed by the Program as a litigation cost. This results in a reduction of costs requested in the amount of **$1,240.53**.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$18,462.59** (representing $18,372.50 in fees and $90.09 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[16]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[16] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.